# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CAIDEN M., by and through her :
parent, SHANAE I. :
of Philadelphia, Pennsylvania :
: Civil Action
        Plaintiff :
v. : No.
:
SCHOOL DISTRICT OF PHILADELPHIA :
440 North Broad Street :
Philadelphia, Pennsylvania 19130 :
:
        Defendant :

## COMPLAINT

### I. Preliminary Statement

1. Caiden M. ("Caiden"), a minor child with disabilities, and his mother, Shanae I. ("Parent") (Caiden and Parent will be collectively referred to as "Plaintiff" or "Family"), bring this action to recover reasonable attorneys' fees and costs as the prevailing party in a special education due process hearing. Caiden is a child with disabilities under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*, and its federal and state implementing regulations. He is a qualified handicapped person under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 ("Section 504"), and its federal and state implementing regulations.

2. After an administrative due process hearing through the Pennsylvania Department of Education, a Pennsylvania Special Education Hearing Officer determined that the Defendant Philadelphia School District ("Defendant" or the "District") denied Caiden a Free Appropriate Public Education ("FAPE") under IDEA and Section 504. *Caiden M. v. Philadelphia School District*, ODR No. 25211-20-21KE (April 8, 2022) ("Decision") (attached, as redacted, as Exhibit

1

A).

## II. Parties

3. Caiden was born in 2014. He was and is at all relevant times to this complaint a resident of the Philadelphia School District. He is currently in the second grade.

4. Shanae Iseley is Caiden's mother and natural guardian; she and Caiden reside within the District.

5. The District is located at 440 North Broad Street Philadelphia, Pennsylvania 19130. The District is the recipient of several sources of federal funds and is a Local Educational Agency ("LEA") under Pennsylvania law for the provision of educational services to resident children under IDEA, Section 504, and Pennsylvania's statutory/regulatory scheme concerning young children with disabilities. 11 P.S. § 875-101; 22 Pa. Code Chapters 14 and 15; *see also, e.g.*, 24 P.S. Chapter 13.

## III. Jurisdiction and Venue

6. This Court has original jurisdiction over this dispute pursuant to 28 U.S.C. § 1331 because it is a civil action arising under IDEA and Section 504, which are laws of the United States.

7. All the School District's actions complained of herein have taken place within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania. Venue is appropriate in the Eastern District pursuant to 28 U.S.C. § 1391.

8. The Family has exhausted its administrative remedies as required under 20 U.S.C. § 1415(i), having timely pursued a special education due process hearing.

9. The Family prevailed at the due process hearing by virtue of the Hearing Officer

concluding that the District denied Caiden a Free Appropriate Public Education ("FAPE") for the 2020-2021 and 2021-2022 school years and ordering substantial declaratory and equitable relief.

10. The Family's claims and remedies are authorized by 20 U.S.C. § 1415(i)(3)(B), 34 C.F.R. § 300.517; Section 504, 29 U.S.C. § 794a; and 28 U.S.C. §§ 2201, 2202, providing for declaratory and any further relief deemed necessary and proper.

### IV. Facts Supporting Liability

10. Caiden is an eight-year-old boy with multiple disabilities as a result of injury sustained at birth, resulting in hypoxic-ischemic encephalopathy, gastroesophageal reflux disease, and microcephaly.

11. He is nonverbal, non-ambulatory, and not toilet trained.

12. Caiden is diagnosed with generalized epilepsy. He has experienced seizures lasting longer than 45 minutes, requiring hospitalization. When seizures last longer than five minutes, he requires a trained person to administer rectal diazepam and monitor breathing.

13. Caiden has feeding problems that require nutrition via a gastrostomy tube ("g-tube") through a port into the stomach. He needs at least two Bolus feedings per day during a typical school day. Each Bolus feed lasts for approximately an hour and must be started by a school nurse and monitored. The school nurse is the only person in the school who can set up and provide the Bolus feedings.

14. Caiden is diagnosed with strabismus, an irregular astigmatism, which results in vision issues related to crossing the eyes.

15. Caiden is diagnosed with cerebral palsy, a cluster of disorders affecting his ability to move and maintain balance. Caiden is ambulatory; however, he has an abnormal gait, needs to

3

be monitored when walking, and requires varying forms of physical assistance. Caiden cannot walk long distances, walks at a slower pace, and tires quickly after walking several feet.

16. Caiden is a child identified as having a disability under IDEA and Section 504.

17. The Family filed a due process complaint on July 21, 2021, concerning both past and prospective educational violations by the District.

18. After a due process hearing that occurred over three dates (January 27, 2022, February 14, 2022, and March 1, 2022), the Hearing Officer issued his decision in favor of the Family on April 8, 2022.

19. The Hearing Officer held that the District failed to offer an appropriate individualized education program ("IEP") to Caiden for the 2020-2021 and 2021-2022 school years.

20. The Hearing Officer held that during the 2018-2019 school year, as Caiden transitioned from his pre-kindergarten program to his in-District kindergarten program, the District failed to timely and comprehensively evaluate his needs; thus, the Parent kept Caiden in his pre-kindergarten program. Decision, 20.

21. The following school year (2019-2020), the Parent again tried to transition Caiden into a School District placement, but again the District failed to properly evaluate and offer Caiden an appropriate placement. Decision, 20.

22. During the 2020-2021 school year, the Parent again tried to enroll Caiden in the District and asked for him to be evaluated.

23. In response, the District erroneously re-issued an evaluation report from 2019, failed to re-evaluate Caiden, and failed to tell the Parent that it had not actually reevaluated Caiden.

4

Decision, 20-21.

24. The Hearing Officer held that the 2019 and 2020 evaluation reports were deficient because they failed to include a variety of necessary assessments. Decision, 20-22.

25. The Hearing Officer held that the 2020-2021 and 2021-2022 IEP teams were legally insufficient because they lacked a key individual, namely the school nurse, who was the individual tasked with overseeing Caiden's feeding tube, administering emergency medications, and ensuring physical therapy and occupational therapy health forms were completed. Decision, 24-25.

26. The Hearing Officer held that Caiden's IEPs were fundamentally flawed because they called for in-person instruction, yet Caiden was educated virtually, which the hearing officer held was ineffective because Caiden could not meaningfully participate in virtual instruction. Decision, 11, 25-26.

27. The Hearing Officer held that Caiden's IEP goals were vague and not measurable. Decision, 26-28.

28. The Hearing Officer held that the IEP failed to include extended school year ("ESY") services. Decision, 31.

29. Consequently, the Hearing Officer found that the District violated IDEA in numerous ways and ordered substantial equitable and declaratory relief. Decision, 34-36.

30. Specifically, the Hearing Officer ordered the following relief: (1) that the District failed to complete a full, comprehensive evaluation of Caiden, and that to remedy the failure to conduct a thorough evaluation, the District is directed to fund a 100-day diagnostic evaluation and transportation to and from the evaluation; (2) that the District denied a FAPE for the 2020-2021 and 2021-2022 school years; (3) to remedy the District's failure to provide a FAPE, Caiden shall

receive 1,545 minutes per week of compensatory education per week for each week of the 2020-2021 and 2021-2022 school years; (4) to remedy the failure to provide ESY services for the 2019-2020 and the 2021-2022 school years, an additional 1545 minutes of compensatory education per week for 24 weeks; (5) the District shall pay the total costs for all billed compensatory education services at the rate charged by the service provider selected by the Parent, at the rate charged for each service; (6) the Parent has authority to select the individuals or providers for all make whole compensatory education services; (7) the compensatory education hours may take the form of any developmental, corrective, remedial, or specially-designed instruction, including related services, transportation services to and from the service provider, transition services, and supplemental or auxiliary aids, as these terms are defined in the current or future regulations implementing the IDEA or Section 504; (8) the Parent is permitted to self-fund and then obtain immediate reimbursement, within 30 days, for all out-of-pocket costs associated with providing the compensatory education services or transportation; (9) the District is ordered to fund a 100-day diagnostic evaluation by a provider selected by the Parent; (10) within five school days of the Decision, the Parent can select the diagnostic placement at her sole discretion; (11) once on notice of the Parent's selection, the District will have 10 school days to arrange for the diagnostic evaluation; (12) the District is directed to provide and pay for transportation to and from the diagnostic placement and pay the total cost of the diagnostic evaluation and the daily transportation charge to and from the placement; and (13) the agency/entity providing the reevaluation should issue interim status reports to both parties every 20 days. Decision, 34-36.

31. The Plaintiff has attempted to resolve the issues raised in this Complaint, however the Defendant has refused to pay the prevailing party fees and costs.

32. The relief ordered by the Hearing Officer demonstrates that the Family is the prevailing party.

33. As the prevailing party, the Family is entitled to full prevailing-party attorneys' fees and costs.

34. The Family will file a motion for attorney's fees and costs at a date fixed by the Court.

## V. Statutory Authority

11. IDEA and Section 504 each permit Plaintiffs to recover reasonable attorneys' fees when they prevail in an action or proceeding. 20 U.S.C. § 1415(i)(3)(B); 34 C.F.R. § 330.517; 29 U.S.C. § 794a.

12. The Family is the prevailing party below, having obtained significant substantive relief in the due process proceedings, and is entitled to an award of statutory attorneys' fees and costs, including the time spent litigating the entitlement to attorneys' fees. *Planned Parenthood of Central New Jersey v. Attorney General of the State of New Jersey*, 297 F.3d 253, 268 (3d. Cir. 2002).

**WHEREFORE**, the Family Plaintiff respectfully requests that this Court:

1. Assume jurisdiction over this action;
2. Hear additional evidence as appropriate pursuant to 20 U.S.C. § 1415(i)(2)(C)(ii);
3. Award Plaintiff reasonable attorneys' fees and costs for both the Due Process proceedings and the present action; and
4. Grant such other relief as this Court deems proper.

7

Respectfully submitted,

*D. Daniel Woody*
D. Daniel Woody, Esquire
PA ID No. 309121

McANDREWS, MEHALICK,
HULSE & RYAN P.C.
30 Cassatt Avenue
Berwyn, PA 19312
(610) 648-9300 (phone)
(610) 648-0433 (fax)
Attorneys for Plaintiffs

*Jennifer P. Grobe*
Jennifer P. Grobe, Esquire
PA ID No. 323085